### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **THOMAS MARSHALL** | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. _____ |
| | : | |
| **MERRICK GARLAND,** | : | |
| Attorney General of the United States, | : | |
| | : | |
| **STEVE DETTELBACH,** | : | |
| Director, Bureau of Alcohol, Tobacco, Firearms, and Explosives, | : | |
| | : | |
| **CHRISTOPHER A. WRAY,** | : | Complaint – Civil Rights |
| Director of the Federal Bureau of Investigation, & | : | |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Defendants | : | |

## COMPLAINT

Plaintiff, Thomas M. Marshall, by and through his attorneys, Kurt S. Olson of Goulden Law Offices, PLLC, complains of Defendants as follows.

## INTRODUCTION

1. This is an action to uphold Plaintiff's right to keep and bear arms as guaranteed by the Second Amendment to the United States Constitution. This right "guarantee[s] the individual right to possess and carry" firearms and "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth

1

and home." *District of Columbia v. Heller,* 554 U.S. 570, 635 (2008).

2. More recently, the Supreme Court has expanded the reach of the Second Amendment in the *Bruen* decision, The constitutional right to bear arms in public for self-defense is not "a second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees."[1]

3. In a recent decision that is directly relevant to this case, a district court in the Eastern District of Pennsylvania determined "that the Government has not carried its burden in proving that the United States' tradition of firearm regulation supports stripping an individual of their right to possess a firearm because they had previously driven while intoxicated." *Williams v. Garland*, 2023 WL 7646490, Civil Action No. 17-cv-2641; November 14, 2023.

4. Additionally, in a recent 3rd Circuit opinion, the Court found that the government "has not shown that the Nation's historical tradition of firearms regulation supports depriving the plaintiff of his Second Amendment right to possess a firearm" where he'd previously been convicted of food stamp fraud. *See Bruen*, 142 S. Ct. at 2126. *Range v. Att'y Gen. United States of Am.,* 69 F.4th 96, 106 (3d Cir. 2023).

5. Defendants have collectively and individually prohibited a particular class of persons, including Plaintiff, from obtaining, possessing, keeping, bearing, or otherwise utilizing firearms and ammunition as a result of a misdemeanor driving under the influence ("DUI") conviction, where no one was injured by the conduct and where no property damage resulted.

---

[1] *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 597 U.S. 1, 70, 142 S. Ct. 2111, 2156, 213 L. Ed. 2d 387 (2022).

6. Specifically, individuals, such as Plaintiff, who after previously serving two years probation for a DUI and are thereafter convicted of a second DUI offense in Massachusetts, pursuant to Mass. Gen. Laws ch. 90, s. 24 *et seq.*, where the individual's blood alcohol content is .08 or more, in the absence of harm to an individual or property, are stripped of their constitutional right to Keep and Bear Arms.

7. Furthermore, those individuals, such as Plaintiff, are not afforded any means to demonstrate – following their conviction – their fitness to restore their Second Amendment right to acquire, possess, keep, bear, or otherwise utilize a firearm in his or her private capacity, or for the defense of his or her hearth and home, except through a Second Amendment *as-applied* challenge.

8. The current putative prohibition on individuals keeping, bearing, acquiring, possessing, or utilizing a firearm, as a result of a DUI conviction, where no one was injured and no property damaged occurred, infringes upon the individual's right to Keep and Bear Arms, as it arbitrarily denies the entire class of persons without regard to the particular circumstances of that individual's case.

9. Thus, numerous mentally sound, stable, trustworthy individuals, such as Plaintiff, are denied their Constitutional right to keep and bear arms in defense of their home, as a result of a DUI conviction, with no regard or consideration of the particular circumstances surrounding the individual.

## PARTIES

10. Plaintiff Thomas Marshall is a natural person and a citizen of Derry, New Hampshire and the United States.

11. Mr. Marshall had his first DUI in 1997 in Malden, Middlesex County, Massachusetts which was disposed of pursuant to an agreed-upon two year probationary period. In March 2005 he agreed to a plea for a second offense of DUI, in Woburn, Middlesex County, Massachusetts, where he paid a fine and served another probationary period.

12. It is Mr. Marshall's present intention and desire to purchase and possess a handgun and a long gun for self-defense within his home. As Mr. Marshall is only under a Federal firearms and ammunition disability, he is prevented from doing so solely by Defendants' active enforcement of the policies complained of in this action.

13. Defendant Merrick Garland ("Attorney General" or "Garland") is being sued in his official capacity as the Attorney General of the United States. As Attorney General, Defendant Garland is responsible for executing and administering the laws, regulations, customs, practices, and policies of the United States. He is presently enforcing the laws, regulations, customs, practices, and policies complained of in this action. As Attorney General, Defendant Garland is ultimately responsible for supervising the functions and actions of the United States Department of Justice, including the ATF, which is an arm of the Department of Justice.

14. Defendant Steve Dettelbach ("ATF Director" or "Dettelbach") is being sued in his official capacity as Acting Director of the Bureau

of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). ATF is responsible for, *inter alia*, regulating and licensing the sale, possession, transfer, and transportation of firearms and ammunition in interstate commerce.

15. As Acting Director of ATF, Defendant Dettelbach is responsible for the creation, implementation, execution, and administration of the laws, regulations, customs, practices, and policies of the United States. He is presently enforcing the laws, regulations, customs, practices, and policies complained of in this action.

16. Defendant Christopher A. Wray ("FBI Director" or "Wray") is being sued in his official capacity as Director of the Federal Bureau of Investigation ("FBI"). FBI is the agency responsible for performing background checks for federal, state, and local law enforcement authorities via the National Instant Check System ("NICS"). FBI is responsible for maintaining the NICS database which informs law enforcement officials in the states that certain individuals are prohibited from acquiring, possessing, and utilizing a firearm. FBI sets forth policies procedures, regulations, and customs relating to NICS and background checks for firearm purchasers. As FBI Director, Defendant Wray is responsible for the execution of administration of these policies, procedures, regulations, and customs, including those complained of in this action.

17. Defendant United States of America ("United States") is a proper party in this action pursuant to 5 U.S.C. § 702.

5

## JURISDICTION AND VENUE

18. This case concerns certain subject matter under the original and exclusive jurisdiction of the federal courts of the United States of America.

19. This action seeks relief pursuant to 28 U.S.C. §§ 1331, 1343, 1346, 2201, 2202, 2412, and 5 U.S.C. § 702.  Therefore, jurisdiction is founded on 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States.

20. This Court has authority to award costs and attorney fees pursuant to 28 U.S.C. § 2412 and 18 U.S.C. § 925a.

21. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1)(B) and (C), as a substantial part of the events and omissions giving rise to the claims occurred in the District of New Hampshire.

## STATEMENT OF FACTS RELATING TO PLAINTIFF

22, The foregoing paragraphs are incorporated herein as if set forth in full.

23. Mr. Marshall:
    a. Is a United States citizen;
    b. Is over the age of 21;
    c. Is not under indictment;
    d. Has never been convicted of a felony or misdemeanor crime of domestic violence;
    e. Has only once been convicted of a crime punishable by more than one (1) year;

    f. Is not a fugitive from justice;

    g. Is not an unlawful user of, or addicted to, any controlled substance;

    h. Has not been adjudicated a mental defective or been committed to a mental institution;

    i. Has not been discharged from the Armed Forces under dishonorable conditions;

    j. Has never renounced his citizenship; and,

    k. Is not the subject of a restraining order relating to an intimate partner.

24. Mr. Marshall served a two-year probationary period for his first DUI offense in 1997 in Malden, Middlesex County, Massachusetts. He has requested that the Commonwealth seal this record because expungement is not available for this particular offense. *See* Criminal Docket No. 9750 CR 2181, attached hereto and incorporated as Exhibit A.

25. In 2004 Mr. Marshall pled guilty to a second DUI, pursuant to Section 24 of Chapter 90 of the Massachusetts General Laws which can be punished by up to 2 1/2 years in jail. *See*, Criminal Docket No. 0453 CR 1673, attached hereto and incorporated as Exhibit B.

26. As reflected on Mr. Marshall's New Hampshire State Police Criminal Record, he has no criminal convictions in the State of New Hampshire, where he has lived since October 2023. *See*, NH State Police Criminal Record, attached hereto and incorporated as Exhibit C.

27. As a result of his conviction, Mr. Marshall was ordered to pay costs, a fine, and complete any recommended drug and alcohol treatment.

28. Unfortunately, as few attorneys, district attorneys, and judges are aware of or understand the federally prohibiting criteria, Mr. Marshall was not informed that this conviction would putatively strip him of his right to Keep and Bear Arms, pursuant to 18 U.S.C. § 922(g)(1).

29. Mr. Marshall has worked for the past 3 and 1/2 years as a Senior IT Infrastructure Engineer at Boston Analytical and for 22 years prior to that was a Systems Engineer at Navisite.

30. Sometime late in 2023, Mr. Marshall, concerned for his and his family's safety and desiring to be able to protect himself and his family in their home, attempted to procure a firearm and was denied by the New Hampshire State Police. *See*, NH State Police Order of Denial, attached hereto and incorporated as Exhibit D.

31. As Mr. Marshall was unaware of any putative disability, he had attempted to purchase a firearm to which the New Hampshire State Police Permits and Licensing Unit responded, stating that he was denied by the Federal Bureau of Investigation, as his 1997 and 2005 convictions for DUI in Massachusetts were putatively prohibiting under 18 U.S.C. § 922(g)(1).

32. Thus, as a result of his isolated 1997 and 2005 DUI convictions, Defendants contend that Plaintiff Marshall lost his right to own, possess, use, or purchase a firearm or ammunition by operation of 18 U.S.C.§ 922(g)(1).

33. Counsel has confirmed that an individual convicted of a misdemeanor DUI is prohibited under Section 922(g)(1), and there is currently no mechanism available in New Hampshire or under federal law for Mr. Marshall to obtain relief from his federal disability, as a result of his isolated DUI convictions.
34. Mr. Marshall is a responsible, law-abiding citizen with no history of violent behavior or other conduct that would suggest he poses any threat or danger.
35. Mr. Marshall desires and intends to purchase, possess and utilize firearms for self-defense and for defense of his family, including within his home.
36. Mr. Marshall, after learning of the Defendants' position in relation to his 1997 and 2005 convictions, has abstained from attempting to purchase a firearm for fear of arrest, prosecution, incarceration, and/or fine, pursuant to 18 U.S.C. § 922(g)(1), instigated and directed by Defendants, should he attempt to purchase or possess a firearm.
37. Mr. Marshall is unwilling to purchase, possess or utilize a firearm, because doing so would subject him to arrest, prosecution, fine and incarceration, at Defendants' instigation and direction, for violating 18 U.S.C. § 922(g)(1).
38. Therefore, Mr. Marshall cannot possess a firearm within his own home for the protection of himself or his family, the core of the fundamental right guaranteed by the Second Amendment. *See District of Columbia v. Heller*, 554 U.S. 570, 581 (2008).

## STATUTES AND REGULATIONS

39. 18 U.S.C. § 922(g) provides the following:

      (g) It shall be unlawful for any person –

…

      (1)  who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

…

      to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce

40. Pursuant to 18 U.S.C. § 921(a)(20)

> The term "crime punishable by imprisonment for a term exceeding one year" does not include –
>
> (A)   any Federal or State offenses pertaining to antitrust violations, unfair trade practices, restraints of trade, or other similar offenses relating to the regulation of business practices, or
>
> (B)   any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.
>
> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms

41. Pursuant to Section 24 of Chapter 90 of the Massachusetts General Laws, where an individual is found guilty of a second DUI offense, he can be punished by up to two and one-half years in jail.
42. Therefore, Mr. Marshall's convictions are punishable by terms of imprisonment of up to 2 ½ years which, pursuant to 18 U.S.C. §§ 921(a)(20) and 922(g)(1) are crimes punishable by imprisonment for a term exceeding one year.
43. While DUI is not to be countenanced, it is not a serious crime, as historically viewed by the Founding Fathers.
44. In fact, the Third Circuit in *Binderup* acknowledged that a misdemeanor corruption of a minor conviction and a misdemeanor conviction for unlawfully carrying a firearm were not historically serious enough crimes to strip one of his/her Second Amendment right. 836 F.3d at 351.
45. Similar to the crimes involved in *Binderup*, a DUI does not involve violence, and there is not an element of violence which the state must prove to convict. *Id.* at 352.
46. Furthermore, consistent with the Third Circuit's decision in *Binderup*, Mr. Marshall's plea agreement was minor by any measure.
47. Moreover, the cross-jurisdictional consensus regarding the seriousness of such an offense is rather disparate in some regards but in no circumstance do they support the loss of a constitutional right, as a result of a second offense.
48. All states have laws which prohibit DUI, with the majority having the limit of an individuals BAC .08%, save for Utah which recently passed a law reducing it to .05%.

49. *Binderup* not only requires an analysis of whether there is a consensus amongst the states to punish the disqualifying offense but also whether there is a consensus to the severity of such punishment.

50. With regards to DUI, states disparately punish the offense based on a variety of factors including:
    a. Number and frequency of prior offenses;
    b. Severity of the BAC;
    c. Age and occupation of the offender (*i.e.* whether the offender is a commercial or bus driver);
    d. Whether a minor was present in the vehicle; and
    e. Whether the offense resulted in harm to another.

51. However, in relation to the severity of any statutorily approved punishment, the cross-jurisdictional consensus lacks any support for stripping an individual, as a result of a second DUI, from his/her right to keep and bear arms, in perpetuity.

52. Pursuant 18 U.S.C. § 925(c), an individual prohibited from acquiring a firearm may apply to the Attorney General for relief from the prohibition, which the Attorney General may grant if "the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest."

53. The ATF has promulgated a rule detailing the manner that a review under 18 U.S.C. § 925(c) may be sought. *See*, 27 C.F.R. § 478.144.

54. However, notwithstanding the provisions of 18 U.S.C. § 925(c) and 27 C.F.R.§ 478.144, which purport to provide a means to

request relief for an individual prohibited from acquiring a firearm, the United States Congress has specifically denied any funding "to investigate or act upon applications for relief from Federal firearms disabilities under 18 U.S.C. 925(c)." The Consolidated and Further Continuing Appropriations Act, 2015, Pub. L. No. 113–235, 128 Stat. 2130, which was re-enacted by the Further Continuing Appropriations Act, 2016, Pub. L. No. 114-96, 129 Stat. 2193.

55. Due to the above lack of funding, ATF does not in fact provide any review under 18 U.S.C. § 925(c) to provide relief from a federal prohibition on purchasing, possessing or utilizing a firearm.

56. Because Defendant ATF does not provide a review for relief from a federal prohibition on acquiring or possessing a firearm, Plaintiff Marshall cannot avail himself of any federal procedure to vindicate his Second Amendment rights on the basis that he does not present a threat to himself or others.

57. There is currently no mechanism available in New Hampshire or under federal law for Mr. Marshall to obtain relief from his federal disability, as a result of his conviction, absent a Second Amendment *as-applied* challenge.

## COUNT I: SECOND AMENDMENT *AS-APPLIED* VIOLATIONS
### (*Plaintiff v. All Defendants*)

58. The foregoing paragraphs are hereby incorporated herein as if set forth full.

59. The Second Amendment states that "the right of the people to keep and bear arms shall not be infringed."
60. The Supreme Court has held that the right to keep and bear arms is a fundamental right, the core of which is to allow individuals to keep arms in their own homes for self-defense. *District of Columbia v. Heller*, 554 U.S. 570, 581 (2008).
61. The Third Circuit Court of Appeals in *Binderup v. AG of United States*, 836 F.3d 336 (3d Cir. 2016) held that an individual can successfully bring a Second Amendment *as-applied* challenge to a non-violent misdemeanor conviction which results in a firearm and ammunition disability.
62. Defendants Garland, Dettelbach, Wray and the United States have, together and separately, violated Mr. Marshall's Second Amendment rights by denying him the ability to purchase and possess a firearm as a result of a DUI conviction, where no one was injured and no property damages resulted.
63. Defendants' custom, practice, and policy of prohibiting individuals who have been convicted of a DUI is an infringement and an impermissible burden on Mr. Marshall's right to Keep and Bear Arms pursuant to the Second Amendment of the U.S. Constitution, especially in light of the fact that his crime is not historically considered to be a serious offense and his sentence was relatively minor.
64. Moreover, the current enforcement policies of Defendants prevent Mr. Marshall from legally purchasing or possessing a firearm and ammunition.

65. Moreover, the current enforcement policies of Defendants prevent Mr. Marshall from legally purchasing or possessing a firearm and ammunition.

66. Therefore, as a direct and proximate result of the above infringement and impermissible burden on Mr. Marshall's Second Amendment rights, Mr. Marshall has suffered – and continues to suffer – from an unlawful deprivation of his fundamental constitutional right to Keep and Bear Arms.

67. Mr. Marshall has incurred attorney fees and costs as a direct result of prosecuting the present court action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Thomas Marshall respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, as follows:

(a) Declare that 18 U.S.C. § 922(g)(1), its derivative regulations, and all related laws, policies, and procedures violate Plaintiff's right to Keep and Bear Arms as guaranteed by the Second Amendment to the United States Constitution;

(b) Permanently enjoin Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them from enforcing against Plaintiff 18 U.S.C. § 922(g)(1) and all its derivative regulations, and all related laws, policies, and

procedures that would impede or criminalize Plaintiff's exercise of his right to Keep and Bear Arms;

(c) Award Plaintiff costs and attorney fees and expenses to the extent permitted under 28 U.S.C. § 2412 and 18 U.S.C. § 925a; and

(d) Grant any and all other equitable and/or legal remedies this Court may see fit.

Respectfully Submitted,

Dated: June 30, 2024

/s/ Kurt S. Olson
Kurt S. Olson, NH Bar ID: 12518
Goulden Law Offices, PLLC
486 Union Ave.
Laconia, NH 03246
603-748-1960
kolson@mslaw.edu